# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LAMON HEMINGWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-1935-CEJ |
| | ) | |
| JENNIFER SACHSE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Lamon Hemingway (registration no. 1101853) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's

account indicates an average monthly deposit of $40.42, and an average monthly balance of $15.32. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $8.08, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The Complaint

Plaintiff, an inmate at Farmington Correctional Center, seeks monetary and injunctive relief pursuant to 42 U.S.C. § 1983. Named as defendants are Missouri Eastern Correctional Center ("MECC") employees Jennifer Sachse (Warden), Patricia Cornell (Deputy Division Director), Brenda Short (Assistant Warden), Debra Painter (Grievance Officer), and George Lombardi (Division Director). Plaintiff's allegations arise out of his incarceration at MECC. Plaintiff claims that defendants conspired to find him guilty of two conduct violations in 2008. Plaintiff states that defendants' actions deprived him of due process and violated institutional policy. He claims that as

a result of being found guilty of the conduct violations, he was "elevated to a higher more dangerous prison ERDCC, and after sanctions D-Seg-Ad-Seg and other sanctions."

**Discussion**

Plaintiff brings this action against defendants in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

In addition, the Court finds that the merits of plaintiff's claims are legally frivolous. Allegations of state law or institutional violations do not, in themselves, state a constitutional claim under § 1983. *See Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993)(state law violations). Moreover, for the due process clause to be implicated, an inmate must be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship in which the state might conceivably create a liberty interest. *Cf. id*. at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997)(same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation). Last, a transfer to another prison is entirely within the discretion of prison officials. *Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir. 1984). Prisoners have no justifiable expectation that they will be incarcerated in any particular

prison within a state. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Murphy v. Missouri Dept. of Correction*, 769 F.2d 502, 503 (8th Cir. 1985). Any protected interest plaintiff might have in being incarcerated in a particular state prison would have to be created by state law. *See Hewitt v. Helms*, 459 U.S. 460, 469 (1983). Plaintiff has failed to allege the existence of such a law.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $8.08 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to show cause [Doc. #6], motion for appointment of counsel [Doc. #7], motion for liberal construction [Doc. #11], motion to show cause [Doc. #12], and motion for defendants to answer the complaint [Doc. #13] are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 13th day of December, 2010.

_____
UNITED STATES DISTRICT JUDGE